FILED

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

98 MAY 29 PM 2:27

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| **CARLA R. JONES,** | ] | |
| | ] | |
| Plaintiff(s), | ] | |
| | ] | |
| vs. | ] | CV 97-N-1036-S |
| | ] | |
| **WILSON HOTEL MANAGEMENT COMPANY, INC.,** | ] ] | |
| | ] | |
| Defendant(s). | ] | |

ENTERED

MAY 29 1998

## MEMORANDUM OF DECISION

This is an employment discrimination action filed by the plaintiff, Carla R. Jones ("Jones"), against the defendant, Wilson Hotel Management Company, Inc. (the "Company"). The complaint alleges sex discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq.[1] Specifically, her complaint avers that the defendant discriminated against her on the basis of sex with respect to pay, benefits, training, job assignments, discipline and discharge. See Complaint, ¶¶ 10-24.

The Court has for consideration the Motion for Summary Judgment filed by the defendant on April 6, 1998, and the plaintiff's motion for partial summary judgment filed on April 15, 1998. The motions have been briefed by the parties and are ripe for decision. Upon due consideration, the defendant's motion will be granted in part and denied in part, and the plaintiff's motion will be denied in all respects.

On a motion for summary judgment, the Court is to construe the evidence and factual inferences arising therefrom in the light most favorable to the nonmoving party. See

---

[1] On January 28, 1998, the Court entered an Order dismissing the plaintiff's Equal Pay Act claim.



*Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed.2d 142 (1970). Summary judgment can be entered on a claim only if it is shown "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As the Supreme Court has explained the summary judgment standard:

> [T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The trial court's function at this juncture is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) (citations omitted). A dispute about a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson*, 477 U.S. at 248; *see also Barfield v. Brierton*, 883 F.2d 923, 933 (11th Cir. 1989).

The party seeking summary judgment has the initial burden of informing the court of the basis for the motion and of establishing, based on relevant "portions of 'the pleadings, depositions, answers to interrogatories, and admissions in the file, together with affidavits, if any,'" that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Once this initial demonstration

2

under Rule 56(c) is made, the burden of production, not persuasion, shifts to the nonmoving party. The nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324; *see also* Fed. R. Civ. P. 56(e).

In meeting this burden the nonmoving party "must do more than simply show that there is a metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Corp. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). That party must demonstrate that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587. An action is void of a material issue for trial "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non- moving party." *Matsushita*, 475 U.S. at 587; *see also Anderson*, 477 U.S. at 249.

In her responsive submission, the plaintiff expressly abandons her claims against the defendant for sex discrimination with regard to pay, benefits, and training. *See Opponent's (Plaintiff's) Responsive Submission in Response to Exhibit D of the Court's Order*, at 2 n.1. Accordingly, the defendant's motion will be granted as to these claims and such claims will be dismissed with prejudice.

As to the plaintiff's claims of Title VII sex discrimination with regard to job assignments, discipline, discharge, and retaliation, the Court concludes that there is a "genuine issue for trial." Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 587. In so finding, the Court is mindful that the factual disputes pertaining to these remaining claims exist primarily because of the deeply diverging affidavit and deposition testimony submitted by

3

the plaintiff and the defendant, respectively. Given the complete differences in the testimony of the respective witnesses, it appears it will be difficult to reconcile all with the true facts. In other words, on the surface, if the witnesses adhere to their testimony at trial, it appears that some will be less than completely candid. If, during the course of the trial, the court is satisfied that one or more witnesses has committed perjury, it will not hesitate to take any steps that may be necessary and appropriate to protect the integrity of the judicial process.

Accordingly, the Court, having considered the motions and the pertinent portions of the record, and being otherwise fully advised in the premises, will grant the defendant's motion for summary judgment as to the plaintiff's Title VII sex discrimination claims with regard to pay, benefits, and training; will deny the defendant's motion as to the remaining claims; and will deny the plaintiff's motion for partial summary judgment.

Done, this 28th of May, 1998.

EDWIN L. NELSON
UNITED STATES DISTRICT JUDGE

4